UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TONY LEE HARRISON, JR.** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 20-CV-00927-B** |
| | § | |
| **COCA-COLA SOUTHWEST** | § | |
| **BEVERAGES, LLC, AND** | § | |
| **JOHN DOE** | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, TONY LEE HARRISON, JR., Plaintiff in the above-styled and numbered cause of action, complaining of Defendants, COCA-COLA SOUTHWEST BEVERAGES, LLC., and JOHN DOE (collectively referred to as "Defendants"), and in support thereof would show unto this Honorable Court the following:

**I.  DISCOVERY CONTROL PLAN**

1.1     Pursuant to Texas Rule of Civil Procedure 190.3 the discovery of this case is to be conducted under Level 2 Discovery Control Plan.

**II.  CLAIM FOR RELIEF**

2.1     Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.00.

**III. PARTIES**

3.1     *Tony Lee Harrison, Jr.* ("Plaintiff") is a resident of Dallas County, Texas.

3.2     Defendant *COCA-COLA SOUTHWEST BEVERAGES, LLC* ("Defendant Coca-Cola Southwest Beverages, LLC.") is a foreign limited liability company licensed to transact business in Texas.  Pursuant to Texas Business Organizations Code, this Defendant can be served with process pursuant to TRCP 106(a)(1) and/or (2) by or mailing to the Defendant by registered or certified mail, return receipt requested, a true copy of the citation and petition to its

registered agent, **_Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701_**., or wherever defendant may be found.

3.3   Defendant **_JOHN DOE_**, was the driver of a red International tractor trailer for Coca-Cola Southwest Beverages, LLC. At this time no citation is requested.

## IV.  JURISDICTION and VENUE

4.1   This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.

4.2   All or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.  Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code.  Additionally, the facts show that the convenience of the parties and the witnesses and the interest of justice would be best served in Dallas County.

4.3   All conditions precedent have occurred.

4.4   Nothing Plaintiff did caused or contributed to this occurrence.

## V. FACTS

5.1   On or about August 7, 2018, Plaintiff was operating a 2008 Black Cadillac STS that was at a complete stop southbound on 13000 Monfort Drive in the left lane in Dallas, Dallas County, Texas. At the same time and place, Defendant John Doe driver for Coca-Cola Southwest Beverages, LLC was operating a red International tractor trailer and was also traveling southbound in the left lane directly behind Plaintiff.  Defendant John Doe driver for Coca-Cola Southwest Beverages, LLC., failed to control speed and negligently caused his truck to collide with the rear-end of the vehicle operated by Plaintiff. The collision occurred with tremendous force, proximately causing Plaintiff to suffer severe, excruciating, and painful personal injuries.

5.2    At the time of the incident, John Doe the driver of the International tractor trailer was acting within the course and scope of his employment with Defendant Coca-Cola Southwest Beverages, LLC.

5.3    At the time of the incident, Defendant Coca-Cola Southwest Beverages, LLC., was the owner and/or lessee of the vehicle.

### VIII. DEFENDANT *COCA-COLA SOUTHWEST BEVERAGES, LLC*

6.1    The conduct of Defendant Coca-Cola Southwest Beverages, LLC., constitutes negligence as that term is known in the law. Such negligent acts or omission include, but are not limited to, the following:

- a. allowing Defendant John Doe to operate their vehicle even though they knew or should have known he was a reckless or incompetent driver;
- b. entrusting a vehicle to Defendant John Doe, even though they knew or should have known he was a reckless or incompetent driver;
- c. failing to properly train Defendant John Doe, in the safe operation of a motor vehicle;
- d. failing to properly supervise Defendant John Doe's driving activities;
- e. failing to properly maintain the vehicle in a safe operational condition;
- f. failing to maintain the vehicle to the minimal standard of safety;
- g. failing to establish and enforce safety rules and regulations;
- h. failing to properly educate, instruct and supervise in the performance of Defendant John Doe's duties;
- i. failing to adequately train, educate, or provide instructions and orders to persons;
- j. failing to provide proper safety manuals and instructions to employees responsible for safety;
- k. failing to properly secure and track its equipment;
- l. failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment; and/ or

  m. other acts of negligence and negligence per se.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendants constituted negligence and such negligence was a proximate cause of the occurrence of Plaintiff's injuries and damages.

Plaintiff would show this Court that the harm Plaintiff suffered is the type of harm which the above statue is intended to prevent. Plaintiffs would also show this Court that Plaintiff was a member of the class of persons in which the statue was enacted to protect. Such violation amounts to *negligence per se* and is the proximate cause of the occurrence in question.

### VI.  NEGLIGENCE OF DEFENDANT JOHN DOE

6.1 The collision made the basis of this lawsuit resulted from the improper conduct of Defendant John Doe.  The conduct of Defendant John Doe constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiff made the basis of this suit.  Defendant John Doe's actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

  a. failing to yield the right-of-way;

  b. failing to control the operation of his vehicle;

  c. failing to avoid the incident in question;

  d. failing to keep a proper look out;

  e. failing to apply the brakes properly and/or timely in violation of Texas Transportation Code §547.408)(a)(3);

  f. failing to take proper evasive action;

  g. failing to maintain a proper following distance;

  h. failing to dedicate proper attention to the operation of his vehicle;

  i. operating his vehicle while distracted;

  j. failing to operate his vehicle in a safe manner; and/or

      k.      failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant John Doe constituted negligence and such negligence per se and such negligence was a proximate cause of the occurrence of Plaintiff's injuries and damages.

### IX. GROSS NEGLIGENCE OF ALL DEFENDANTS

7.1    Defendants' conduct described herein demonstrates a conscious indifference to the rights, safety and welfare of Plaintiffs. Further, their actions involved an extreme risk of danger which posed more than a remote possibility of dangers to others, such as Plaintiffs and demonstrated a callous indifference to the safety of others.

### X.  DAMAGES

8.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

8.2    Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.    past and future medical care expenses;

    b.    past and future loss of earning capacity and lost wages;

    c.    past and future physical pain and suffering and mental anguish;

    d.    past and future physical impairment;

    e.    past and future disfigurement;

    f.    past and future loss of household services; and

    g.    past and future out-of-pocket economic losses.

8.3    Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit.

8.4    Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## XI.  JURY DEMAND

9.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury.  The appropriate jury fee is tendered with the filing of this pleading.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recovers damages in accordance with the evidence, that Plaintiff recovers costs of court herein expended, that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

*/s/ Michael Gomez*

**MICHAEL GOMEZ**
SBN: 24029578
**JIM S. ADLER & ASSOCIATES**
The Tower at CityPlace, Lock Box 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas 75204
Tel: (214) 220-3203
Fax: (214) 220-3245
mgomez@jimadler.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 4th day of August, 2020, a true and correct copy of this pleading was served in accordance with the Federal Rules of Civil Procedure on all known counsel of record.

*/s/Michael Gomez*
_____
**Michael Gomez**